UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00759-JRW-LLK

UNITED FIRE & CASUALTY COMPANY
a/s/o RIVERGREEN WATER RECYCLING, LLC                    PLAINTIFF

v.

UNIVERSAL ENVIRONMENTAL SERVICES, LLC, *et al.*          DEFENDANTS

## OPINION AND ORDER

Judge Justin R. Walker referred this matter to Magistrate Judge King for hearing and determining all pretrial matters before the Court and to conduct a settlement conference. [DN 16].

This matter is now before the Court on Movant Great West Casualty Insurance Company's ("Great West") Motion for Leave to File an Intervening Complaint. [DN 19]. For the reasons below, Movant Great West's Motion for Leave to File an Intervening Complaint, [DN 19], is GRANTED.

## BACKGROUND

This matter stems from an alleged explosion and fire that occurred on January 29, 2019, in Louisville, Kentucky. [DN 1-2 at 8]. Plaintiff United Fire & Casualty Company ("United Fire"), as subrogee of River Green Water Recycling, Inc., claims this incident resulted from the negligence of Defendants Universal Environmental Services, LLC ("Universal"), and Dependable Tank Line, LLC ("Dependable"). *Id.* Specifically, Plaintiff alleges that Universal (a business that collects non-hazardous petroleum contaminated water and sends it for treatment) used Dependable (a transportation company that transports liquids by tanker-trucks) to transport a liquid containing a mixture of gasoline and a heavy petroleum distillate to River Green Water Recycling, Inc. ("River Green"), which caused an explosion and fire at River Green's facility. *Id.* at 9-10.

1

On September 17, 2019, Plaintiff filed a Complaint in the Jefferson Circuit Court, Civil Action No. 19-CI-005683 against Defendants Universal and Dependable. [DN 1-2]. Shortly thereafter, Defendant Dependable removed this action to the United States District Court for the Western District of Kentucky. [DN 1].

On December 16, 2019, Movant Great West Casualty Insurance Company ("Great West") filed its Motion for Leave to File an Intervening Complaint [DN 19]. Great West alleges it issued a policy of insurance to Dependable that was in effect at the time of the subject incident and paid insurance benefits to Dependable due to the damage Dependable's vehicle incurred from said incident. *Id.* at 87. To protect its subrogation interest, Great West alleges negligence claims against both Universal and River Green. [DN 19-1]. Great West asserts in its motion that Plaintiff has no objection to the motion. [DN 19 at 87]. To date, no party has filed a response objecting to this motion. This matter is now ripe for a decision.

## ANALYSIS

Great West filed its Motion for Leave to File an Intervening Complaint [DN 19] pursuant to F.R.C.P. 24. Rule 24, *inter alia*, states "On timely motion, the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact." F.R.C.P. 24(b)(1). Importantly, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." F.R.C.P. 24(b)(3).

Here, Great West's claims share common questions of law or fact with the main action. The claims asserted by the original parties and Great West's proposed claims all revolve around the alleged explosion and subsequent fire that occurred on January 29, 2019. As Great West's

claims deal with the same subject incident, they share common questions of law or fact with the main action.

Furthermore, allowing Great West to intervene in this action will not unduly delay or prejudice the adjudication of the original parties' rights. This matter is still in its infancy. No Rule 26(f) Conference Report has been filed and this Court has yet to hold a Rule 16 Scheduling Conference. As this matter is in its early stages, allowing Great West to intervene should not prejudice or delay the adjudication of the original parties' rights.

## CONCLUSION

As Movant Great West's Motion for Leave to File an Intervening Complaint meets the required notice and pleading standards[1], the claims contained therein share a common question of law or fact to the main action, and adding these claims will not prejudice or delay the adjudication of the original parties' rights, **IT IS HEREBY ORDERED:**

1. Movant Great West's Motion for Leave to File an Intervening Complaint is GRANTED.
2. The clerk is directed to file the Intervening Complaint as of the date of the entrance of this Order.

**IT IS SO ORDERED.**

January 16, 2020

Lanny King, Magistrate Judge
United States District Court

c: Counsel of Record

---

[1] "A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." F.R.C.P. 24(c).