UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY a/s/o RIVERGREEN WATER RECYCLING, LLC, <br><br>and<br><br> GREAT WEST CASUALTY INSURANCE COMPANY a/s/o DEPENDABLE TANK LINES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>UNIVERSAL ENVIRONMENTAL SERVICES, et al.,<br><br>    Defendants. | Civil Action No. 3:19-CV-759-CHB<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Universal Environmental Services' Motion for Summary Judgment, [R. 54]. Plaintiff United Fire & Casualty Company filed a Response [R. 60]. Subsequently, Universal filed a Reply [R. 62]. This matter is now ripe for review. For the reasons stated below, Universal's Motion for Summary Judgment will be denied.

**I.   Background**

    **a.   Parties and Procedural History**

United Fire is an Iowa corporation engaged in the insurance business. [R. 1–2, ¶1]. At all times relevant to this action, it operated as insurer to RiverGreen Water Recycling, LLC. *Id.* RiverGreen is a limited liability company organized and existing under the laws of Kentucky. *Id.* at ¶ 6. At all times material to this action, RiverGreen owned a facility, located in Louisville,

1

Kentucky, that provided wastewater treatment services for non-hazardous oily water. *Id.* Universal is also a limited liability company. *Id.* ¶ 7. It exists under the laws of Delaware, but its principal place of business is in Georgia. *Id.* During the times relevant to this action, Universal collected and sent "non-hazardous petroleum contaminated water" to treatment facilities, including RiverGreen. *Id.* Dependable Tank Lines, LLC is a limited liability trucking company that hauled liquid, including material from Universal, to the RiverGreen facility. *Id.* ¶ 8. It was organized under the laws of Alabama, where its principal place of business is currently located. *Id.*

On September 17, 2019, United Fire filed a subrogation claim against Universal and Dependable, in Jefferson Circuit Court, to recover the $2,024,048.74 it paid to RiverGreen for a fire that occurred at its Louisville treatment facility on January 29, 2019. *Id.* ¶¶ 13, 18. United Fire alleges the fire occurred due to the negligent actions of both Dependable and Universal. *Id.* ¶¶ 23, 29. Dependable filed a Notice of Removal, requesting the case be removed to the U.S. District Court for the Western District of Kentucky at Louisville. [R. 1].

Upon removal, Dependable and Universal asserted cross-claims against one another for apportionment, contribution, and common-law indemnity. [R. 8; R. 10]. Dependable also filed a third-party complaint against RiverGreen, asserting negligence on behalf of RiverGreen and seeking indemnification for any damages it is deemed to owe United Fire. [R. 12]. Great West Casualty Insurance Company ("Great West"), insurer of Dependable, then filed an intervening complaint against Universal and RiverGreen, seeking to recover damages it paid to Dependable for the losses it suffered due to the fire. [R. 24]. However, subsequently, both Great West's and Dependable's claims against RiverGreen were dismissed with prejudice. [R. 68]. United Fire

also dismissed its claims against Dependable with prejudice [R. 81].[1] In addition, all cross-claims between Universal and Dependable have been dismissed with prejudice. [R. 83]. Universal has now moved for summary judgment on the claims asserted by United Fire and the claims brought by Great West. [R. 54].

### b. Facts

On several occasions prior to the incident in question, Universal used Dependable's services to transport "non-hazardous oily water" to RiverGreen's treatment facility in Louisville, Kentucky. [R. 1–2, ¶ 10]. According to a "Waste Profile," which was approved by RiverGreen on December 20, 2017, the wastestream[2] to be delivered to RiverGreen was to be non-hazardous and consist of 99% water and 1% used oil/petroleum. [R. 54–3; R. 54–5]. In addition, the liquid was to have a "petroleum" odor and flash point[3] of greater than 200º Fahrenheit. [R. 54–3, p. 1]. The "Waste Profile" has not been changed since its approval in December 2017. [R. 54–2, p. 4]. Thus, liquid consistent with the listed characteristics is what RiverGreen expected to receive from Universal with each delivery. [R. 60, p. 3].

On January 29, 2019, Michael Bassett ("Bassett"), a truck-driver for Dependable, arrived at RiverGreen's Louisville facility to offload a delivery of UES RRF 2400 from Universal's Georgia facility. [R. 54–6, p. 2; R. 54–7]. The truck was received by Mike Simms, a RiverGreen employee, who parked the truck in "Bay 1" and began offloading the liquid from the truck's tanker into "the pit" via a hose. [R. 54–8, pp. 10, 78, 82]. During the offloading, Bassett remained in the cab of the truck. [R. 54–6, p. 3; R. 54–8, p. 7]. William Edwards ("Edwards"),

---

[1] Consequently, the Court will deny Dependable's Motion for Joinder [R. 69].
[2] Also known as UES RRF 2400. [R. 54-1, p. 3; R. 54-2, p. 5].
[3] Flash point is the lowest temperature at which vapors above a volatile combustible substance ignite in the air when exposed to flame. *Flash point*, MERRIAM WEBSTER, https://www.merriam-webster.com/dictionary/flash%20point (last visited Sept. 24, 2021).

another RiverGreen employee, arrived at work that morning as Bassett's tanker was being emptied. [R. 54–8, p. 7]. After "about 90, 95 percent" of the tanker had been offloaded, Edwards began to suspect the liquid was flammable due to "[a] smell," the liquid's change in color from "yellow to black, like, jet black," and past negative experiences[4] with Universal. *Id.* at 3, 8, 19.

Edwards shut the valve off and decided to perform a flammability test inside the bay. *Id.* at 83. Normally, to test for flammability, RiverGreen employees dip a coliwasa into a tanker to obtain a sample. *Id.* at 2. A paper towel or oil rag is then dipped into the sample and a lighter is put to it. *Id.* If the paper towel bubbles up, the product is not flammable. *Id.* If it catches flame, the product is flammable. *Id.* The test is normally performed outside. *Id.* In his deposition, Edwards stated that nothing prevented him from going outside to perform the flammability test on the day in question; he simply chose to perform it inside the bay, with the doors closed and ventilation fan off, because he had done so repeatedly in the past. *Id.* at 16, 18, 20, 24.

Edwards collected a "little bit" of the liquid onto a paper towel and walked over to a bucket of degreaser,[5] which was about eight to ten feet away from "the pit." *Id.* at 8, 9, 13, 129. As soon as Edwards lit a Bic lighter, which he had in his pocket, "the flame jumped from the lighter to the paper towel." *Id.* at 14. Edwards knew "right then and there" that the liquid was flammable. *Id.* However, as the paper towel was dropped into the bucket of degreaser, "the blue flame jumped out of the bucket and hit … and rolled across the floor" into "the pit," igniting a fire. *Id.*; [R. 54–6, p. 4]. The ignition "blew out" the bay doors, set the trailer on fire, and covered the building in black smoke. [R. 54–6, p. 3]. As a result of the fire, RiverGreen's facility suffered substantial damages. [R. 1–2, ¶¶ 16, 18].

## II. Standard of Review

---

[4] In his deposition, Edwards mentions a time where Universal "sent a whole truck that was – I don't know what it was, but the whole truck -- it was very flammable." [R. 54–8, p. 3].
[5] According to Edwards, degreaser is a "biodegradable, nonflammable … like a soap" used to extinguish flames. [R. 54–8, p. 12].

This action is in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Because Kentucky is the forum state, its substantive law will be used. *Rawe v. Liberty Mut. Fire. Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). However, federal procedural law will govern as applicable, including in establishing the appropriate summary judgment standard. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When determining a motion for summary judgment, a court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). The court may not "weigh evidence and determine the truth of the matter" at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 265 (1986). The initial burden of establishing no genuine dispute of material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court "need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

Where "a party fails to support an assertion of fact or fails to properly address another party's assertion of fact," the court may treat the fact as undisputed. FED. R. CIV. P. 56(e)(2). A fact is "material" if the underlying substantive law identifies the fact as critical. *Liberty Lobby*, 477 U.S. at 248. Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A "genuine" issue exists if "there is

sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

   III.   **Analysis**

In its motion for summary judgment, Universal argues that the claims against it must fail because, regardless of any negligence on its part, the damages RiverGreen suffered from the fire were the result of an intervening and superseding cause. [R. 54, p. 1]. Specifically, Universal contends that Edwards' flammability testing was the cause of the fire and the resulting damages. *Id.* at 9. United Fire argues the superseding cause doctrine is inapplicable because it requires the unforeseen actions of a "third party" and Edwards, an employee of RiverGreen, is not a third party. [R. 60, pp. 7–10].

Under Kentucky law, the elements of a negligence claim are (1) a legally-cognizable duty, (2) a breach of that duty, (3) causation linking the breach to an injury, and (4) damages. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992). Whether the defendant owed a duty to the plaintiff is a question of law for the court, while breach and injury are questions of fact for the jury. *Howard v. Spradlin*, 562 S.W.3d 281, 286 (Ky. Ct. App. 2018) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003)). Causation is a mixed question of law and fact. *Pathways*, 113 S.W.3d at 89. Here, the Court will focus solely on causation since, in its motion, Universal accepts, *arguendo*, United Fire's claim that Universal was negligent in shipping liquid other than the approved UES RRF 2400. [R. 54-1, p. 11; R. 62, p. 2, n. 1].

Causation as an element of negligence consists of two components–but-for causation and proximate cause. *Howard*, 562 S.W.3d at 287. "But-for causation requires the existence of a direct, distinct, and identifiable nexus between the defendant's breach of duty (negligence) and

6

the plaintiff's damages such that the event would not have occurred 'but for' the defendant's negligent or wrongful conduct in breach of a duty." *Patton v. Bickford*, 529 S.W.3d 717, 730 (Ky. 2016).  Proximate causation "captures the notion that, although conduct in breach of an established duty may be an actual but-for cause of the plaintiff's damages, it is nevertheless too attenuated from the damages in time, place, or foreseeability to reasonably impose liability upon the defendant." *Id.* at 731. It is "a limitation on how far society is willing to extend liability for a defendant's actions[.]" *Id.* (citation omitted).

The superseding intervening cause doctrine interacts with proximate causation in that it breaks the chain of causation so that an otherwise negligent actor is relieved from liability. *Id.* While the act of a third-party may be an intervening cause, it is a superseding cause only when the act is "extraordinary" and of an "unforeseeable nature." *Howard*, 562 S.W.3d at 288 (quoting *Briscoe v. Amazing Products, Inc.*, 23 S.W.3d 228, 229 (Ky. App. 2000)). A superseding cause will possess the following attributes:

> (1) an act or event that intervenes between the original act and the injury;
> (2) the intervening act or event must be of independent origin, unassociated with the original act;
> (3) the intervening act or event must, itself, be capable of bringing about the injury;
> (4) the intervening act or event must not have been reasonably foreseeable by the original actor;
> (5) the intervening act or event involves the unforeseen negligence of a third party [one other than the first party original actor or the second party plaintiff] or the intervention of a natural force;
> (6) the original act must, in itself, be a substantial factor in causing the injury, not a remote cause. The original act must not merely create negligent condition or occasion; the distinction between a legal cause and a mere condition being foreseeability of injury.

*NKC Hospitals, Inc. v. Anthony*, 849 S.W.2d 564, 568 (Ky. App. 1983). "As with the determination of proximate cause generally, 'whether an *undisputed* act or circumstance was or was not a superseding cause is a legal issue for the court to resolve, and not a factual

question for the jury.'" *House v. Kellerman*, 519 S.W.2d 380, 382 (Ky. App. 1974) (emphasis added). Stated another way, the Court only decides this legal issue if the underlying facts surrounding the occurrence of an intervening act are not in dispute. *Id.* at 382–83.

Here, however, it is not entirely clear at this stage of the proceedings whether the factual circumstances giving rise to United Fire's injuries are undisputed. As United Fire correctly points out, discovery was not complete at the time Universal filed its Motion. [R. 78; R. 79]. Have additional facts arisen bearing on whether Edwards' flammability test was negligent? Was it foreseeable to Universal that an employee of RiverGreen may conduct a flammability test not in accordance with the facility's protocol? Had such a test, as performed by Edwards, ever been brought to Universal's attention? Would a reasonable and prudent water treatment facility, such as RiverGreen, perform flammability tests in this manner? The answers to these questions bear on the determination of negligence and are best left to the jury. *See Total Renal Care, Inc. v. Childers Oil Co.*, 743 F. Supp.2d 609, 616–17 (E.D. Ky. 2010). Consequently, at this stage, the Court cannot grant Universal's motion for summary judgment as a matter of law. *See Burke v. Thompson*, No. 5:15–CV–00007–TBR, 2016 WL 2587996, at *8 (W.D. Ky. May 4, 2016) ("If the facts surrounding the occurrence of an intervening act are in dispute, the establishment of those facts becomes an issue for the jury.") (citations omitted).

In any event, analyzing Universal's Motion on the merits (accepting Universal's contention that the facts are undisputed), Universal still fails. That is, the actions of Edwards do not qualify as a superseding cause. "A superseding cause is a factor of such extraordinary, unforeseeable nature as to relieve the original wrongdoer of liability to the

8

ultimate victim." *McDonald's Corp. v. Ogborn*, 309 S.W.3d 274, 292 (Ky. Ct. App. 2009) (quoting *Briscoe*, 23 S.W.3d at 229). The most important of the characteristics set out in *Anthony* is foreseeability. *Wilson v. Sentry Ins.*, 993 F. Supp.2d 662, 666 (E.D. Ky. 2014); *see also Smith v. Parker-Hannifin Corp.*, No. 5:12-CV-00136-TBR, 2014 U.S. Dist. LEXIS 50947, at *10 (W.D. Ky. Apr. 14, 2014) ("[T]he Court focuses on the most essential of the *Anthony* characteristics: foreseeability."); *Scruggs v. Sperian Fall Arrest Sys.*, No. 5:10-CV-26, 2011 U.S. Dist. LEXIS 116146, at *27 (W.D. Ky. Oct. 7, 2011) ("Whether the cause of action sounds in products liability … or in negligence … all of the cases turn on the issue of foreseeability."). In other words:

> If the intervening action was foreseeable to the original actor, then courts have been reluctant to find a superseding cause. If, on the other hand, the intervening action was unforeseeable, then a superseding cause will relieve the original actor of liability.

*Scruggs*, 2011 U.S. Dist. LEXIS 116146, at *27.

Universal argues that Edwards' act "to perform a … flashpoint test in a fully enclosed, unventilated area by lighting oily water on fire just six to eight feet from the source" was not reasonably foreseeable. [R. 54–1, p. 12]. But if the jury were to find Universal was negligent in shipping non–conforming, flammable wastewater, the potential that a fire might erupt during the off–loading process (even as a result of negligent off–loading procedures) is not so extraordinary or unforeseeable. Stated differently, it is not a stretch to foresee that a fire may result from non–conforming, oily water, as a flammability test is routinely conducted to test the wastewater for compliance. [R. 54–1, p. 11; R. 62, p. 2, n. 1]. This is especially true since Universal's shipments had been tested in the past and rejected by RiverGreen due to their flammability. [R. 54–8, p. 3]. Consequently, the Court cannot find that Edwards' conduct in performing the flammability test (whether negligently

9

or not) was so "extraordinary" and unforeseeable as to constitute a superseding cause. *Howard*, 562 S.W.3d at 288; *see also EQT Prod. Co. v. Vorys, Sater, Seymour & Pease, LLP*, No. 15–146–DLB–EBA, 2018 U.S. Dist. LEXIS 72687, at *66 (E.D. Ky. Apr. 27, 2018) (where the court determined that even if "the jury were to find that the [defendants] were negligent in drafting [a purchase sale agreement], [the plaintiff's] drilling outside the boundary lines [was] not so extraordinary or so unforeseeable as to relieve the [defendants] from liability" because "trespass is a foreseeable consequence of a negligently drafted agreement.").

United Fire further argues that the superseding cause doctrine is inapplicable because Edwards, as an employee of RiverGreen, cannot be considered a "third party," as stated in factor five in *NKC Hospitals*. 849 S.W.2d at 568; [R. 60, pp. 7–10]. Universal counters that the "third party" factor is not a requirement under Kentucky law for a superseding cause. [R. 62, pp. 2–10]. The Kentucky Supreme Court has made it clear that "[a] superseding cause is an act of a *third person* or other force which by its intervention prevents the actor from being liable for harm to another …" *Commonwealth v. Babbitt*, 172 S.W.3d 786, 793 (Ky. 2005) (emphasis added). This proposition is heavily supported by case law. *See Briscoe*, 23 S.W.3d at 229 ("A long line of Kentucky cases makes clear that a superseding cause 'is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about.'") (citation omitted); *Brantley v. Asher*, No. 08–64–KSF, 2009 U.S. Dist. LEXIS 3393, at *8 (E.D. Ky. Jan. 16, 2009) ("[A] superseding cause allows the unforeseeable acts of a third party, someone or something other than the plaintiff or defendant, to supplant the defendant's conduct as the legal cause of the

plaintiff's injuries. As the plaintiff, Brantley's own [negligent driving] cannot also be a superseding cause.").

Universal cites numerous cases for the proposition that *foreseeability*, not the existence of a third party, is the key inquiry. [R. 62, pp. 2–10]. Even so, every relevant case relied on by Universal involved a third party's actions. *See In re Foss Mar. Co.*, No. 5:12–CV–00021, 2015 U.S. Dist. LEXIS 30226, at *23–24 (W.D. Ky. Mar. 11, 2015) (where the intervening act was caused by a third party, but was not considered a superseding cause because the act was "less than extraordinary negligence"); *Peoples Bank of N. Ky., Inc. v. Crowe Chizek & Co. LLC*, 277 S.W.3d 255, 267 (Ky. Ct. App. 2008) (where the court concluded a third party's criminal conduct, in combination with the plaintiff's negligence, constituted a superseding cause); *Williams v. Ky. Dep't of Educ.*, 113 S.W.3d 145, 151 (Ky. 2003) (where the court determined the decedent/third party's underage drinking was not a superseding cause because an alcohol–related accident was "neither 'extraordinary nor unforeseeable'" to faculty members in charge of a school–sponsored event). The Court need not decide whether a superseding cause must be the act of a third party (because the Court finds Edwards' actions were not so extraordinary and unforeseeable to relieve Universal from liability). Even so, Universal's position that a third party is not required finds scant support in the law.

Further, "the rationale for the doctrine of superseding cause has been substantially diminished by the adoption of comparative negligence." *Babbitt*, 172 S.W.3d at 793. This seems especially true where, as here, the negligence and fault analysis relates only to the conduct of the plaintiff and defendant—that is, where no third party action is at issue. "Under comparative fault, a jury is permitted to allocate fault to each party to the action,

11

considering both the nature and conduct of each party at fault and the extent of the causal relationship between the conduct and damages claimed." *Nazar v. Branham*, 291 S.W.3d 599, 604 (Ky. 2009); *see also Phelps v. Bluegrass Hosp. Mgmt., LLC*, No. 2019–SC–0613–DG, 2021 Ky. LEXIS 368, at *6 (Sep. 30, 2021) (quoting *Carter v. Bullit Host, LLC*, 471 S.W.3d 288, 298 (Ky. 2015)) ("[L]iability–responsibility–under Kentucky law must be determined based on the principles of comparative fault."). Edwards' actions in performing the flammability test as he did must be put before the jury to consider all the facts when evaluating the parties' relative fault. *See Brantley*, 2009 U.S. Dist. LEXIS 3393, at *9–10. Accordingly, Universal's Motion for Summary Judgment on the grounds of superseding cause will be denied.

## IV. Conclusion

For the reasons stated above, the Court being fully and sufficiently advised, hereby **ORDERS** as follows:

1. The Motion for Summary Judgment filed by Defendant Universal Environmental Services **[R. 54]** is **DENIED**.

2. The Motion for Joinder filed by Dependable Tank Lines, LLC **[R. 69]** is **DENIED** as moot.

This the 8th day of November, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY